## Ex parte Vega, Petitioner.

### Appeal from the District Court of Arecibo in Administration Proceedings.

#### No. 1895.—Decided April 27, 1920.

Appeal—Reconsideration.—An appeal from an order refusing to reconsider a previous order or judgment will be dismissed, because no appeal lies from such an order.

Administration.—When the administration of an estate is petitioned for under the Special Legal Proceedings Act the petitioner must show a clear right in himself and produce evidence in support of his allegations, because the purpose of such proceedings is not to establish a right, but only to obtain the administration of the estate of the deceased when there is a clear and recognized right.

Id.—Administration will not be granted when there is no property subject to administration and the proceeding is instituted only for the purpose of establishing a claim against the estate. Such is not the purpose of an administration, although one of the duties of the administrator, and, until one is appointed, of the executor, is to represent the deceased in all proceedings begun by or against him before his death or brought thereafter by or against the estate.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the petitioner and appellant.

Mr. Chief Justice Hernández delivered the opinion of the court.

The lower court was petitioned to appoint an administrator of the estates of Miguel Vega and Manuela Marrero.

In her verified petition to the District Court of Arecibo, Francisca Vega Hernández alleged that the spouses Manuela Marrero and Miguel Vega died testate on August 23, 1839, and January 1, 1851, respectively, the will of the former being dated August 19, 1839, and that of the latter December 8, 1850; that Manuela Marrero named Miguel Vega, her husband, and his brother José María as her executors and Miguel Vega named his said brother José María and José Leoncio de Cambiani as his executors, all of whom died many years ago; that the petitioner is an heir-at-law of both spouses, inasmuch as her lawful father, Gregorio Vega, was the legitimate son of Juan José Vega, who was the legitimate son

of Miguel Vega and Manuela Marrero, and her right of action is to represent the said ancestors in the successions of the two testators and consequently to receive the portion of the estates to which she may be entitled; that Miguel Vega and Manuela Marrero left several children and grandchildren who form various successions, but she does not know all who now have an interest in the estates nor their places of residence; that of those still living she knows only Providencia Vega and Josefa Vega y Hernández, residing in Cataño of the municipal district of Bayamón; Concepción Vega Hernández, residing in San Juan; Telesfora and Petrona Rodríguez Vega, residing in Manatí, and Federico Calaf y Rivera, also residing in Manatí; that Miguel Vega and Manuela Marrero left property subject to partition, including, according to her information, a farm of two *caballerías* of land in the ward of Sabana Seca of Manatí and a tract of from 88 to 90 acres of valley land in the Bajura ward of the said municipality of Manatí; that the said properties are not in the possession of the succession of Miguel Vega and Manuela Marrero and therefore it has been impossible to appraise or partition them; that in order to secure possession of and administer the said properties it is necessary first to bring certain action for their recovery and for that purpose it is imperative that the parties in interest be represented by someone appointed by and acting under the orders of the court.

The petition concludes with a prayer that the court appoint the petitioner as administratrix in representation of the heirs and successors in interest of Miguel Vega and Manuela Marrero with power to sue for the recovery of the property belonging to the parties in interest, without prejudice to the right to make timely disposition regarding the administration, partition and furnishing of bond when the time comes for taking possession of the property that may be recovered.

By its order of June 29, 1918, the Arecibo court denied

the petition for the appointment of an administrator on the ground that the petition was insufficient and improper. The petitioner then moved for reconsideration, which was also denied by the court's order of July 10, following. From these two orders Francisca Vega Hernández appealed.

As this court has already held, an order denying reconsideration is not appealable; therefore that appeal must be dismissed. In considering the other order denying the petition for administration we must adhere to the allegations of the petition in the proceeding and disregard other facts alleged in the motion for reconsideration tending to supply omissions or defects in the said petition as pointed out by the lower court, for, as we said in the case of *Butler. et al.* v. *Sorondo et al.*, 25 P. R. R. 205, a motion for reconsideration is not the proper way to remedy deficiencies or informalities. Even if there had been some valid offer to amend the petition we think the court was justified in refusing to allow the amendment because of the lack of a fundamental right in the petitioners.

The petition for administration does not conform to section 23 of the Special Legal Proceeding Act of March 9, 1905, for it is not a proper petition duly showing the necessary facts, as required by that statute. *Sabater* v. *Escudero*, 23 P. R. R. 794.

It is not accompanied by evidence of the death of Manuela Marrero, Miguel Vega, Juan José and Gregorio Vega, or of the petitioner's status. as heir-at-law of her great-grandparents, Manuela Marrero and Miguel Vega. In providing that the petition for administration shall set forth certain facts under oath, that statute had previously provided that the petition should show the necessary facts, and the death of the ancestors and the status as heir of the petitioner for the administration of the estates fall clearly under this category.

When the administration of an estate is petitioned for under the Special Legal Proceedings Act the petitioner must

show a clear personal right, because the purpose of these proceedings is not to establish a right, but only to obtain the administration of the estate of the deceased when there is a clear and recognized right. *Sabater* v. *Escudero, supra.* The bare allegation of the petitioner that she is the legitimate daughter of Gregorio Vega, who was the legitimate son of Juan José Vega, who was the legitimate son of Manuela Marrero and Miguel Vega, does not establish her status as heir-at-law of the spouses Vega and Marrero. She may be the heir-at-law of Gregorio Vega and may have succeeded him in all his transferable rights and yet not be the heir-at-law of her great-grandparents, Miguel Vega and Gregoria Marrero, an indispensable prerequisite for obtaining the administration of their estates under said section 23. The heirs-at-law of Miguel Vega and Manuela Marrero are their legitimate children, but not their grandchildren and great-grandchildren, unless by reason of the death of the father or grandfather prior to the death of the great-grandfather they are called to inherit by representation, which does not appear to have occurred in this case.

Moreover, we fail to see that there are any good reasons for granting administration when there is no property to be administered and the proceeding is instituted only for the purpose of suing for the recovery of property belonging to the estate of the spouses Vega-Marrero, although it is the duty of an administrator, and, until one is appointed, of an executor, to represent the deceased in all proceedings begun by or against him before his death or brought thereafter by or against the estate, pursuant to section 51 of the Special Legal Proceeding Act. Such, however, is not the object and purpose of administration, as will be seen by an examination of the statutes governing the same.

Nor is any weight to be attached to the fact that this court affirmed the judgment of the said Arecibo court in the case of *Vega et al.* v. *Rodríguez et al.,* 21 P. R. R. 318, "without prejudice to the right of the plaintiffs to bring the proper

action to recover the part of the estate of Miguel Vega y
Pino and Manuela Marrero to which they may be entitled,''
for the reservation of a right establishes nothing definitely,
according to the decisions of the Supreme Court of Spain
of December 18, 1861, and November 20, 1863.

For the foregoing reasons the order denying the peti-
tion for administration should be affirmed and the appeal
from the order of the court refusing to reconsider its first
order should be dismissed.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.